IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CHONDALE MARQUISE REMBERT,** | ] ] ] |
| Plaintiff, | ] ] ] |
| v. | ] Case No.: 2:11-CV-2549-VEH ] |
| **HYUNDAI MOTOR MANUFACTURING,** | ] ] ] |
| Defendant. | ] |

## **MEMORANDUM OPINION**

**I.    Introduction**

The plaintiff in this case, Chondale Marquise Rembert ("Mr. Rembert"), is proceeding *pro se*. Mr. Rembert initiated this action against Defendant Hyundai Motor Manufacturing ("Hyundai") on July 12, 2011. (Doc. 1).

Pending before the court is Hyundai's Second Motion To Dismiss (Doc. 17) (the "Motion") filed on February 13, 2012. Because of the plaintiff's *pro se* status, on February 24, 2012, the court provided him with special notice of his deadline of March 5, 2012, to respond to the Motion. (Doc. 18 at 1).

On March 5, 2012, Mr. Rembert sought an extension of time to oppose the Motion. (Doc. 19). The court granted this request on March 7, 2012, and gave him until March 21, 2012, to file his response. (Doc. 20 at 2). One day after this

deadline, on March 22, 2012, Mr. Rembert filed his opposition. (Doc. 21). For the reasons explained below, the Motion is due to be granted in part on the basis of administrative exhaustion and granted in full on pleading deficiencies and failure to prosecute grounds.

## II.    Standards

### A.    Rule 12(b)(6)

A Rule 12(b)(6) motion attacks the legal sufficiency of the complaint. *See* Fed. R. Civ. P. 12(b)(6).  The Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *see also* Fed. R. Civ. P. 8(a).

While a plaintiff must provide the grounds of his entitlement to relief, Rule 8 does not mandate the inclusion of "detailed factual allegations" within a complaint. *Twombly*, 550 U.S. at 545 (quoting *Conley*, 355 U.S. at 47).  However at the same time, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563.

"[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S. Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine <u>whether they plausibly give rise to an entitlement to relief</u>." *Id.* (emphasis added). "Under *Twombly*'s construction of Rule 8 . . . [a plaintiff's] complaint [must] 'nudge[] [any] claims' . . . 'across the line from conceivable to plausible.' *Ibid.*" *Iqbal*, 129 S. Ct. at 1950-51.

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

**B.    Rule 41(b)**

Rule 41(b) addresses involuntary dismissals and provides:

If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule

3

19--operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

Moreover, even in the absence of a pending motion, a district court has the inherent power to dismiss an action on the basis of a plaintiff's failure to prosecute or otherwise comply with its orders. As the United States Supreme Court has clarified this long-standing principle:

> The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. That it has long gone unquestioned is apparent not only from the many state court decisions sustaining such dismissals, but even from language in this Court's opinion in *Redfield v. Ystalyfera Iron Co.*, 110 U.S. 174, 176, 3 S. Ct. 570, 28 L. Ed. 109. It also has the sanction of wide usage among the District Courts. It would require a much clearer expression of purpose than Rule 41(b) provides for us to assume that it was intended to abrogate so well-acknowledged a proposition.

*Link v. Wabash R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (footnotes omitted).

### III. Analysis

#### A. Administrative Exhaustion

The gravamen of Hyundai's Motion is that the bulk of Mr. Rembert's claims are barred by his failure to exhaust administrative remedies. More specifically, Hyundai contends that all claims occurring prior to August 3, 2009, and all claims

not reasonably arising out of the scope of Mr. Rembert's EEOC charge, are barred by the doctrine. (Doc. 17 at 5).

The law is well-settled that an employee must timely pursue and exhaust his administrative remedies as a precondition to filing an employment discrimination suit under Title VII. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798, 93 S. Ct. 1817, 1822, 36 L. Ed. 2d 668 (1973) ("Respondent satisfied the jurisdictional prerequisites to a federal [Title VII] action (i) by filing timely charges of employment discrimination with the Commission[, *i.e.*, within 180 days of the occurrence] and (ii) by receiving and acting upon the Commission's statutory notice of the right to sue, 42 U.S.C. §§ 2000e-5(a) and 2000e-5(e)."); *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001) ("Before a potential plaintiff may sue for discrimination under Title VII, she must first exhaust her administrative remedies.").

A plaintiff who does not plausibly allege that he has successfully exhausted administrative remedies cannot state a claim under Title VII, and his claims would therefore be subject to dismissal pursuant to Rule 12(b)(6). Further, when a defendant raises an issue relating to administrative exhaustion, "the plaintiff[] bear[s] the burden of showing that they have met the requirement." *Kerr v. McDonald's Corp.*, 427 F.3d 947, 951 (11th Cir. 2005).

Finally, though required, exhaustion of administrative remedies is not a

"jurisdictional requirement" such that noncompliance would divest the court of subject matter jurisdiction. *See, e.g., Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) (holding "that filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling"); *see also Jackson v. Seaboard Coast Line R. Co.*, 678 F.2d 992, 1003 (11th Cir. 1982) (citing *Zipes* and concluding "that the conditions precedent to filing a Title VII suit are not jurisdictional prerequisites").

The court has studied Mr. Rembert's EEOC charge. (*See* Doc. 1 at 11; Doc. 11-1 at 4). While Hyundai suggests that Mr. Rembert filed his EEOC charge on January 29, 2010, the record actually shows that he filed in his charge with the EEOC on January 19, 2010.[1] This means that the appropriate date for potentially barring claims as being administratively stale based upon Title VII's within 180-day filing window is really July 23, 2009, as opposed to August 3, 2009, as Hyundai argues.

Here, Mr. Rembert has not asserted in a pleading or in response to Hyundai's Motion that he has satisfied the administrative prerequisites for those Title VII claims that Hyundai is challenging as untimely. (*See* Docs. 7, 16, 21). Mr. Rembert also has

---

[1] Hyundai apparently was mistakenly relying upon the date on which it received notice of Mr. Rembert's EEOC charge. (Doc. 11-1 at 2).

6

not contended that some equitable exception applies to save any of his claims that arose prior to July 23, 2009.

Therefore, the court concludes that Mr. Rembert is administratively precluded from asserting any Title VII claims that pre-date July 23, 2009.  However, this ruling would not prohibit Mr. Rembert from pursuing the last discriminatory act which he, according to his charge, contends occurred on December 23, 2009, and which date appears to relate to his firing based upon the allegations set forth in his October 2011 complaint.  (Doc. 1 at 11; Doc. 11-1 at 4; Doc. 7 at 2).

The court also agrees that, to the extent Mr. Rembert is attempting to assert retaliation premised upon "a complaint of harassment to Team Relations Rep. Ingrid Casey" (Doc. 16 ¶ 3), which challenged conduct obviously occurred before he was fired, such a claim is barred.  More specifically, because the facts supporting his retaliation claim occurred prior to the filing of his EEOC charge, that claim is also subject to Title VII's exhaustion requirement.  *See Houston v. Army Fleet Services, L.L.C.*, 509 F. Supp. 2d 1033, 1043 (M.D. Ala. 2007) ("If . . . the alleged retaliatory action occurs *before* the initial EEOC charge is filed, a plaintiff must exhaust his administrative remedies as to that claim by including factual information in the charge that discloses the factual basis for the retaliation claim." (emphasis in original)).

Mr. Rembert did not indicate retaliation on his charge or otherwise describe the alleged pre-charge retaliatory conduct that is included in his most recent amended complaint.  (*See* Doc. 16 ¶ 3 ("After being placed on a 36 month probation of a missed process while aligning a vehicle, and making a complaint of harassment to Team Relations Rep. Ingrid Casey several occasions of harassment began to take place . . . .")).  Instead, Mr. Rembert only refers to race and national origin discrimination as the bases for his charge without any supporting factual description.  Therefore, his retaliation claim is inactionable.

Similarly, Mr. Rembert also did not indicate harassment or offer any harassment-type allegations within his charge.  Therefore, he is administratively foreclosed from attempting to assert such a claim before this court.  *See, e.g.,Baker v. Buckeye Cellulose Corp.*, 856 F.2d 167, 169 (11th Cir. 1988) ("It has long been established in this circuit that the scope of a judicial complaint is defined by the scope of the EEOC investigation that "'can reasonably be expected to grow out of the charge of discrimination.'" (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970))).[2]

The court is not inclined, however, to accept the remaining portion of

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Hyundai's administrative exhaustion argument. In particular, while Hyundai suggests that "when an employee identifies specific comparators in his EEOC Charge, he is precluded from later asserting claims concerning acts/omissions of comparators not identified in the Charge" (Doc. 17 at 10), here, Mr. Rembert has not identified any comparators within his charge. Accordingly (and assuming the timeliness of the claim which the court believes is Mr. Rembert's firing on or about December 23 2009), the court concludes that Mr. Rembert's "Caucasian American" comparator allegation (Doc. 16 ¶ 6) offered in support of his discharge claim is not subject to an exhaustion-based dismissal on account of the distinguishable unpublished Eleventh Circuit authority relied upon by Hyundai. (Doc. 17 at 10). Therefore, that portion of the Motion is due to be denied.

### B.  Pleading Deficiencies/Failure to Prosecute

Hyundai also asserts that Mr. Rembert case should be dismissed pursuant to Rule 41(b) due to his failure to cure his pleading deficiencies and properly prosecute his case. (Doc. 17 at 1 n.1; *see also* Doc. 14). On three separate occasions, the court has advised Mr. Rembert about the deficiencies in his complaint. The first of these warnings took place on November 28, 2011:

> The court cautions Plaintiff that it is concerned about the shotgun nature of the amended complaint (Doc. 7) filed in this lawsuit. *See, e.g., Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 (11th Cir.

> 2008) ("The complaint is a model 'shotgun' pleading of the sort this court has been roundly, repeatedly, and consistently condemning for years, long before this lawsuit was filed.") (footnote omitted); *id.* at 980-81 ("No competent lawyer-whether skilled in Title VII litigation or not-could compose an answer to these sweeping and multifaceted acts of discrimination that would be in keeping with what the framers of the Rules envisioned in fashioning Rule 8(b).") (footnotes omitted); *see also* Fed. R. Civ. P. 8(a)(1)-(3) (detailing what "[a] pleading that states a claim for relief must contain").
>
> The Eleventh Circuit has specifically instructed district courts not to let an ambiguously worded and lumpily drafted complaint remain pending <u>even if unchallenged by a defendant</u>: "In light of defense counsel's failure to request a repleader, 'the court, acting sua sponte, should have struck the plaintiff's complaint, and the defendants' answer, and instructed plaintiff's counsel to file a more definite statement.'" *Davis*, 516 F.3d at 984 (citation omitted).
>
> In addition to shotgun concerns, here, Plaintiff has not even attempted to breakdown her complaint into separate counts or causes of action asserted against Defendant. Instead, she has filed a document that is in a procedurally non-compliant letter format. The court directs Plaintiff to Rule 8 of the Federal Rules of Civil Procedure for guidance on what constitutes an acceptable pleading in federal court. *See* Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.").

(Doc. 13 at 2-3).

The second admonition occurred on January 3, 2012:

> In advising Mr. Rembert about the deadline for him to respond to

> Hyundai's Motion, the court cautioned him about the impermissible shotgun nature of his allegations and his failure to breakdown his claims into separate counts consistent with Rule 8 of the Federal Rules of Civil Procedure. (Doc. 13 at 2-3). Mr. Rembert's pleading against Hyundai remains deficient in both of these areas.
>
> Further, as Hyundai correctly observes in its supplement to its Motion, Mr. Rembert's "*pro se* status, while allowing for leniency in some matters, does not allow him to shirk the requirements of the Federal Rules or the rules of the Court." (Doc. 14 at 2); *see, e.g., Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("[A]lthough we are to give liberal construction to the pleadings of *pro se* litigants, 'we nevertheless have required them to conform to procedural rules.'" (quoting *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002))). Accordingly, Hyundai's Motion is due to be granted to the extent that Mr. Rembert is due to be ordered to provide a more definite statement of his claims in a format that is acceptable under Rule 8 of the Federal Rules of Civil Procedure.
>
> The deadline for Mr. Rembert to file his amended pleading is January 31, 2012. **Mr. Rembert is expressly warned that his failure to timely file an amended pleading as required by this court will result in a dismissal of his lawsuit against Hyundai with prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure.**

(Doc. 15 at 4-5).

In an effort to cure these problems, Mr. Rembert filed an amended complaint on January 30, 2012. (Doc. 16). While this amended complaint is structured in a more compliant format than the letter-like document filed on October 11, 2011, the court continues to have concerns about the shotgun nature of the document and struggles to discern what Title VII claim or claims Mr. Rembert is pursuing against

Hyundai.

For example, Mr. Rembert entitled his most recently a "Petition For Complaint Of Wrongful Termination" but then he included retaliation and harassment-type allegations and never broke the pleading into separate counts. (Doc. 16 at 1; *id.* ¶ 3). Mr. Rembert also did not refer to the dates on which any purported actionable conduct occurred (*see* Doc. 16 ¶¶ 3, 5, 6), or clarify what type of relief he was seeking for these Title VII violations.

After reviewing this new pleading, the court again warned Mr. Rembert as follows:

> **Finally, the court expressly advises Plaintiff that his failure to adequately respond to the Motion as well as the court's sufficiency of pleading concerns, may result in a dismissal of his case with prejudice.**

(Doc. 18 at 3).

In opposing the Motion, Mr. Rembert has neither contested the court's conclusions drawn about his most recently filed pleading (Doc. 16) nor filed a new complaint. Therefore, the pleading deficiencies repeatedly identified by the court continue to remain in the case without an adequate response from Mr. Rembert.

Accordingly, Mr. Rembert's complaint is alternatively due to be dismissed with prejudice for his failure to fix the pleading problems despite having had multiple

warnings as well as opportunities to cure the inadequacies. *See Albra*, *supra*, 490 F.3d at 829 ("[A]lthough we are to give liberal construction to the pleadings of *pro se* litigants, 'we nevertheless have required them to conform to procedural rules.'" (quoting *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002))); *cf. Link*, 370 U.S. at 630, 82 S. Ct. at 1388-89 (acknowledging power of courts "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief").

## IV.  Conclusion

For the reasons explained above, the Motion is due to be granted in part on the basis of administrative exhaustion and granted in full on pleading deficiencies and failure to prosecute grounds. Accordingly, the court will enter a separate order dismissing Mr. Rembert's case with prejudice.

**DONE** and **ORDERED** this 30th day of March, 2012.

                                                                                              _____
                                                                                              **VIRGINIA EMERSON HOPKINS**
                                                                                              United States District Judge